Shawn E. Logan, ISB 10411
Attorney for Plaintiff
Logan & Copple P.C.
153 SW 1st Street
Ontario OR 97914
(541) 216-6486
shawnlogan@loganlaw.us

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>TALESE L. ANDERSON, an individual and JORDAN M. EGGERS, individually and in his capacity as the Personal Representative of the Estate of Jeremy C. Eggers,<br><br>Defendants. | Case: 1:20-cv-00036-DCN<br><br>DEFENDANT'S RESPONSE TO INTERPLEADER COMPLAINT AND TALESE ANDERSON CROSS-CLAIM FOR DECLARATORY JUDGMENT |
| TALESE L. ANDERSON, an individual,<br><br>Cross-Claimant<br><br>v.<br><br>JORDAN M. EGGERS, individually and in his capacity as the Personal Representative of the Estate of Jeremy C. Eggers,<br><br>Cross-Defendant | |

Defendant, Talese L. Anderson, cross-claimant, by and through her attorney of record, Shawn E. Logan, answers the Interpleader Complaint and file this Cross-Claim as follows:

## ANSWER

1. Defendant/Cross-Claimant, admits the following paragraphs: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 23, 26, 27, 28.
2. Defendant/Cross-Claimant, denies the following paragraphs: 11.
3. Defendant/Cross-Claimant, is without sufficient knowledge to admit or deny the following paragraphs: 13, 16, 17, 18, 19, 20, 21, 23, 24, 25.
4. Defendant/Cross-Claimant, denies in part, admits in part, or is without sufficient knowledge to answer the following paragraphs:
    a. Paragraph 15: Admit that Banner told counsel for Anderson about the Change of Beneficiary form, the date received on the Beneficiary form, and the return of the beneficiary form. Deny all other implications, allegations or assumptions contained in this paragraph.
    b. Paragraph 22: Admit that Defendant/Cross-claimant does assert a claim against policy number 181239991. Is without sufficient knowledge to admit or deny the rest of paragraph 22.

## PARTIES

5. The Plaintiff, Banner Life Insurance Company (herein Banner), is a Maryland Corporation, duly licensed and authorized to engage in the business of providing life insurance within the State of Idaho.

6. Defendant/Cross-Defendant, Jordan M. Eggers, upon information and belief, is a resident of the State of Idaho, within the County of Payette, and is the duly appointed personal representative for the Estate of Jeremy Eggers. The probate proceeding associated with the Estate of Jeremy Eggers are being conducted in the District Court for the County of Payette.

7. Defendant/Cross-Claimant, Talese Anderson, is a resident of the State of Idaho within the County of Payette.

**JURISDICTION, AND VENUE**

8. This Court has original jurisdiction over this Interpleader and Cross-Claim action pursuant to 28 U.S.C. § 1335, as the amount is controversy is greater than $75,000.00, and there is diversity of citizenship between the defendants and the plaintiff.

9. Venue is proper in the Idaho District Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1397 as the judicial district is where at least one claimant resides.

**CROSS CLAIM**

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Upon information and belief, on or about September 14, 2016 decedent Jeremy Eggers entered into a life insurance contract with Banner, Policy Number 181239991, with a death benefit of One Million Dollars ($1,000,000.00) The designated beneficiary at that time was his wife Monica Eggers.

11. The decedent and Monica Eggers were divorced on or about September 22, 2017, when a Judgment and Decree of Divorce was entered in Payette County Case No. CV-2017-263.

12. The decedent, Jeremy Eggers, and Talese Anderson entered into a romantic relationship on or about August 2018. On or about October of 2018 Jeremy Eggers and Talese Anderson started cohabitating. Sometime in the month of November 2018 Jeremy Eggers and Talese Anderson agreed to build a home together, at which time, Ms. Anderson wrote a check to Mr. Eggers in the approximate amount of $19,000.00. This new home was to be where Jeremy Eggers and Talese Anderson would start a life together.

13. Upon information and belief, on or about February 1, 2019, the decedent requested the change of beneficiary form for policy no. 181239991. The decedent completed the change of beneficiary form to the best of his ability, clearly indicating that Defendant/Cross-Claimant Talese Anderson was to be the sole beneficiary. Defendant/Cross-Claimant and Decedent's contact information was provided on the form, and it was notarized on February 28, 2019. The change of beneficiary form was provided to Banner sometime between February 28, 2019 and April 9, 2019.

13. On or about April 9, 2019, Banner sent a letter to Jeremy Eggers indicating he had failed to properly execute the beneficiary change form. Defendant/Cross-Claimant questions whether Jeremy Eggers ever received the letter sent by Banner prior to his tragic death.

14. On May 17, 2019, decedent, Jeremy Eggers, met an untimely death when the skidsteer that he was operating overturned in a pond leading to decedents death by drowning.

15. At the time of Jeremy Eggers untimely death, life insurance policy number 181239991, issued by the Plaintiff, Banner, was in force and fully paid. There is no indication that Jeremy Eggers was aware that the beneficiary on this policy had not been changed to Talese Anderson.

16. The Defendant/Cross-Claimant, Talese Anderson, did not find out about the competing claim, by Jordan Eggers, to policy 181239991, until approximately June of 2019. Ms. Anderson consistently maintained that she is the rightful and legal beneficiary of Banner policy 181239991.

17. The Defendant/Cross-Claimant, Talese Anderson, was unaware of the Accidental Death Insurance coverage issued by Banner. Information regarding this policy has been kept from Defendant/Cross-Claimant and her counsel.

18. Under Idaho law if it is found that Jeremy Eggers intended to change the beneficiary and that Mr. Eggers had done everything to the best of his ability to effect the change, the policy benefit should be paid to the Defendant/Cross-Claimant, Talese Anderson.

**CROSS CLAIM**

(Declaratory Judgment – Defendant/Cross-Claimant is entitled to Insurance Benefit from Policy 181239991)

19. Defendant/Counter-Claimant restates and incorporates by reference paragraphs 1-18 above.

20. Prior to Jeremy Eggers death, Mr. Eggers, executed a change of beneficiary form that was received by Banner. The beneficiary form is clear evidence that Mr. Eggers intended to change the beneficiary for policy number 181239991 to the Defendant/Counter/Claimant, Talese Anderson.

21. The untimely death of Jeremy Eggers prevented Mr. Eggers from correcting a mere formality and does not touch or concern Mr. Egger's clear intention.

22. Declaratory Judgment should be entered herein, in favor of Defendant/Cross-Claimant, Talese Anderson, and against Defendant/Cross-Defendant, directing Banner to deliver the policy proceeds for Policy Number 181239991 to Defendant/Cross-Claimant, together with interest that may have accrued thereon.

**RESERVATION**

23. Defendant/Cross-Claimant hereby reserves the right to assert a claim to the Accidental Death Policy benefit if evidence reveals that Talese Anderson is the rightful beneficiary.

WHEREFORE, Defendant/Cross-claimant, Talese Andersen, requests as follows:

1. A judgment from this Court declaring that Talese Andersen is the beneficiary of Policy Number 181239991.
2. A judgment awarding allowing the Court to pay the benefit from Policy Number 181239991, which has been deposited with this Court, to Talese Andersen.
3. Such other relief as this Court may deem just and proper.

Logan & Copple P.C.

By: /s/ Shawn E. Logan
Shawn E. Logan, Idaho Bar #10411
Attorneys for the Defendant/Cross-Claimant
Talese Andersen