David R. Auxier, ISB No. 7025
dra@bakercitylaw.com
INTERMOUNTAIN LAW, PC
1513 N. Whitley Dr.
Fruitland, ID 83619
Telephone: (208) 452-6535
Facsimile: (208) 452-7307

    Attorney for Defendant Jordan M. Eggers, individually
    and as Personal Representative of the Estate of Jeremy C. Eggers

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br>v.<br><br>TALESE L. ANDERSON, an individual and JORDAN M. EGGERS, individually and in his capacity as the Personal Representative of the Estate of Jeremy C. Eggers,<br><br>               Defendants. | Case No.  1:20-cv-00036-DCN<br><br>DEFENDANT/CROSS-DEFENDANT JORDAN EGGERS'S ANSWER TO INTERPLEADER COMPLAINT, AND ANSWER TO DEFENDANT/CROSS-CLAIMANT'S CROSS-CLAIM FOR DECLARATORY JUDGMENT<br><br>**DEMAND FOR JURY TRIAL** |
| TALESE L. ANDERSON, an individual ,<br><br>               Cross-Claimant,<br>v.<br><br>JORDAN M. EGGERS, individually and in his capacity as the Personal Representative of the Estate of Jeremy C. Eggers,<br><br>               Cross-Defendant. | |

     Defendant Jordan M. Eggers, individually and as Personal Representative of the Estate of

Jeremy C. Eggers ("Defendant Eggers"), by and through his counsel of record, David R. Auxier

of Intermountain Law, PC, hereby submits the following Answer to Plaintiff's Complaint.

Page 1 - DEFENDANT/CROSS-DEFENDANT JORDAN EGGERS'S ANSWER TO INTERPLEADER COMPLAINT, AND ANSWER TO DEFENDANT/CROSS-CLAIMANT'S CROSS-CLAIM FOR DECLARATORY JUDGMENT

# ANSWER

1. Defendant Eggers admits the allegation set forth in paragraph 1.

2. As to the allegations in paragraph 2, Defendant Eggers admits that Defendant Talese Anderson ("Defendant Anderson") is domiciled in Idaho and that Defendant Anderson is a putative Beneficiary. Defendant Eggers is without sufficient information to admit or deny the remaining allegations set forth in paragraph 2 and therefore denies the same.

3. Defendant Eggers admits the allegations set forth in paragraph 3.

4. Defendant Eggers admits the allegations set forth in paragraph 4.

5. Defendant Eggers admits the allegations set forth in paragraph 5.

6. Defendant Eggers admits the allegations set forth in paragraph 6.

7. Defendant Eggers admits that a term life insurance policy to Jeremy C. Eggers was issued and bears the policy number 181239991 as alleged in paragraph 7. Defendant Eggers is without sufficient information to admit or deny the remaining allegations set forth in paragraph 7 and therefore denies the same.

8. Defendant Eggers admits the allegations set forth in paragraph 8.

9. Defendant Eggers admits the allegations set forth in paragraph 9.

10. Defendant Eggers admits the allegations set forth in paragraph 10.

11. Defendant Eggers admits the allegations set forth in paragraph 11.

12. Defendant Eggers admits the allegations set forth in paragraph 12.

13. Defendant Eggers is without sufficient information to admit or deny the allegations set forth in paragraph 13 and therefore denies the same.

14. Defendant Eggers admits the allegations set forth in paragraph 14.

15. Defendant Eggers admits the allegations set forth in paragraph 15.

16. Defendant Eggers admits the allegations set forth in paragraph 16.

17. As to the allegations in paragraph 17, Defendant Eggers admits that Jeremy Eggers applied for and completed the enrollment form for Accidental Death Insurance, and that Jeremy Eggers designated Defendant Eggers as the beneficiary of the policy. Defendant Eggers is without sufficient information to admit or deny the remaining allegations set forth in paragraph 17 and therefore denies the same.

18. Defendant Eggers admits the allegations set forth in paragraph 18.

19. As to the allegations in paragraph 19, Defendant Eggers admits that the Accidental Death Policy and the Life Insurance Policy are two distinct policies with distinct conditions for payment of Death Benefits. Defendant Eggers is without sufficient information to admit or deny the remaining allegations.

20. Defendant Eggers admits the allegations set forth in paragraph 20.

21. As to the allegation in paragraph 21, Defendant Eggers admits that Jeremy Eggers and/or the Estate of Jeremy Eggers are asserting a claim to the Accidental Death Policy benefits. Defendant Eggers is without sufficient information to admit or deny the amount owed under the policy and therefore denies that part of paragraph 21.

22. Defendant Eggers denies the allegations set forth in paragraph 22.

23. Defendant Eggers admits the allegations set forth in paragraph 23.

24. Defendant Eggers admits the allegations set forth in paragraph 24.

25. Defendant Eggers admits the allegations set forth in paragraph 25.

26. As to the allegations in paragraph 26, Defendant Eggers admits that Plaintiff claims no title or interest in the Death Benefits or Accidental Death Policy and is ready and willing to pay

the benefits to the person or persons entitled to them. Defendant Eggers denies the remaining allegations set forth in paragraph 26.

27. Defendant Eggers denies the allegations set forth in paragraph 27.

28. Defendant Eggers admits the allegations set forth in paragraph 28.

29. Defendant Eggers responds to Plaintiff's pray as follows:

    a. Defendant Eggers denies Plaintiff's relief sought under paragraphs A, C, D, E, and F.

    b. Defendant Eggers admits the relief sought under paragraph B.

### ANSWER TO DEFENDANT/CROSS-CLAIMANT'S ANSWER AND CROSS-CLAIM FOR DECLARATORY JUDGMENT

As to Defendant/Cross-Claimant's Answer and Cross-Claim for Declaratory Judgment, Defendant/Cross-Defendant Jordan M. Eggers, individually and as Personal Representative of the Estate of Jeremy C. Eggers ("Defendant Eggers"), hereby submits the following Answer and Affirmative Defenses:

### ANSWER

30. The allegations set forth in paragraph 1, of Defendant/Cross-Claimant's Answer and Cross-Claim do not pertain to Defendant Eggers.

31. The allegations set forth in paragraph 2 of Defendant/Cross-Claimant's Answer and Cross-Claim do not pertain to Defendant Eggers.

32. The allegations set forth in paragraph 3 of Defendant/Cross-Claimant's Answer and Cross-Claim do not pertain to Defendant Eggers.

33. The allegations set forth in paragraph 4.a of Defendant/Cross-Claimant's Answer and Cross-Claim do not pertain to Defendant Eggers.

34. The allegations set forth in paragraph 5 of Defendant/Cross-Claimant's Answer and Cross-Claim do not pertain to Defendant Eggers.

35. Defendant Eggers admits the allegations set forth in paragraph 4.b.

36. Defendant Eggers admits the allegations set forth in paragraph 6.

37. Defendant Eggers admits the allegations set forth in paragraph 7.

38. Defendant Eggers admits the allegations set forth in paragraph 8.

39. Defendant Eggers admits the allegations set forth in paragraph 9.

40. Defendant Eggers admits the allegations set forth in paragraph 10.

41. Defendant Eggers admits the allegations set forth in paragraph 11.

42. Defendant Eggers denies the allegations set forth in paragraph 12.

43. Defendant Eggers denies the allegations set forth in paragraph 13.

44. As to the allegations in paragraph 14 (mislabeled as paragraph 13), Defendant Eggers admits that on or about April 9, 2019, Banner sent a letter to Jeremy Eggers indicating that he failed to properly execute the beneficiary change form. Defendant Eggers denies the remaining allegations set forth in paragraph 14.

45. Defendant Eggers admits the allegations set forth in paragraph 15, (mislabeled as paragraph 14).

46. As to the allegations in paragraph 16 (mislabeled as paragraph 15), Defendant Eggers admits that at the time of Jeremy Eggers untimely death, life insurance policy number 181239991 was issued by Banner and in force and fully paid. Defendant Eggers denies the remaining allegations set forth in paragraph 16.

47. Defendant Eggers denies the allegations set forth in paragraph 17 (mislabeled as paragraph 16).

48.     Defendant Eggers is without sufficient information to admit or deny the allegations set forth in paragraph 18 (mislabeled as paragraph 17), and therefore deny the same.

49.     Defendant Eggers denies the allegations set forth in paragraph 19 (mislabeled as paragraph 18).

50.     Defendant Eggers denies the allegations set forth in paragraph 20 (mislabeled as paragraph 19).

51.     Defendant Eggers denies the allegations set forth in paragraph 21 (mislabeled as paragraph 20).

52.     Defendant Eggers denies the allegations set forth in paragraph 22 (mislabeled as paragraph 21).

53.     Defendant Eggers denies the allegations set forth in paragraph 23 (mislabeled as paragraph 22).

54.     Defendant Eggers denies the allegations set forth in paragraph 24 (mislabeled as paragraph 23).

**AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

55.     Cross-Claimant's Cross-Claim for Declaratory Judgment in whole or in part fails to state a claim for which relief may be granted against Defendant Eggers.

**ATTORNEY FEES**

56.     Pursuant to I.C. § § 5-321, 12-121 and FRCP 54 Defendant Eggers should be awarded its reasonable attorney fees.

///

///

## DEMAND FOR JURY TRIAL

57.     Pursuant to FRCP 38, Defendant Eggers demands a trial on all issues triable by a jury.

WHEREFORE, having fully answered Plaintiff's Interpleader Complaint and Defendant/Cross-Claimant's Cross-Claim, Defendant Eggers prays for judgment in his favor as follows:

   a)   Directing Plaintiff to pay benefits available under both policies, together with prejudgment interest prescribed under the terms of the respective policies to Defendant Eggers;

   b)   Dismissal of the Cross-Claim for Declaratory Judgment filed by Defendant/Cross-Claimant Anderson;

   c)   Pursuant to I.C. § § 12.121, 5-321, and FRCP 54, for Defendant Eggers' reasonable attorney fees; and

   d)   For any such additional and further relief the Court deems just and equitable under the circumstances.

Dated this 7th day of April, 2020.

INTERMOUNTAIN LAW, PC

/s/David R. Auxier
David R. Auxier, ISB #7027
Attorney for Defendant Jordan M. Eggers,
individually and as Personal Representative
of the Estate of Jeremy C. Eggers

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 7th day of April, 2020, I filed the foregoing DEFENDANT/CROSS-DEFENDANT JORDAN EGGERS'S ANSWER TO INTERPLEADER COMPLAINT, AND ANSWER TO DEFENDANT/CROSS-CLAIMANT'S CROSS-CLAIM FOR DECLARATORY JUDGMENT electronically through the CM/ECF system, which caused the follow parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Samuel A. Diddle | Shawn E. Logan |
| Eberle Berlin Kading Turnbow & McKlveen | Logan & Copple PC |
| PO Box 1368 | 153 SW 1st Street |
| Boise, ID 83701 | Ontario, OR 97914 |
| sdiddle@eberle.com | shawlogan@loganlaw.us |
|   Attorney for Plaintiff |   Attorney for Defendant/Cross-Claimant Talese Anderson |

INTERMOUNTAIN LAW, PC

/s/David R. Auxier
David R. Auxier, ISB #7027
Attorney for Defendant Jordan M. Eggers,
individually and as Personal Representative
of the Estate of Jeremy C. Eggers