John J. Janis [ISB No. 3599]
Andrew J. LaPorta [ISB No. 10483]
HEPWORTH HOLZER, LLP
537 W. Bannock St.
P.O. Box 2582
Boise, ID 83701
Telephone: 208-343-7510
Facsimile: 208-342-2927
jjanis@hepworthholzer.com
Attorneys for Jordan M. Eggers

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>TALESE L. ANDERSON, an individual and )<br>JORDAN M. EGGERS, individually and in )<br>his capacity as the Personal Representative )<br>of the Estate of Jeremy C. Eggers, )<br>)<br>Defendants. ) | Case No. 1:20-cv-00036-JZ<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS JORDAN EGGERS AND ESTATE OF JEREMY EGGERS** |

## I.  INTRODUCTION

The Defendants Jordan Eggers and the Estate of Jeremy Eggers are moving this Honorable Court for an order granting summary judgment on the accidental death benefits claim by Jordan Eggers which Banner Life agrees should be paid to Jordan Eggers as the designated beneficiary. There is no competing claim for these benefits and there is no genuine issue of material fact concerning Jordan Eggers being the legally proper beneficiary.

## II.  THE ACCIDENTAL DEATH POLICY

As addressed in the contemporaneously filed Statement of Facts Not in Dispute, the question of Jordan Eggers being the designated beneficiary under this policy and his entitlement

to collect the benefits under that policy has not been put in dispute in this case. In her original pleadings in this matter, Ms. Anderson made no claim of entitlement to these benefits. She only "reserved the right" to possibly make a claim sometime in the future. *Defendant Talese Anderson's Response to Interpleaders Complaint*, pp. 5-6, ¶ 23. The time for the Defendant Ms. Anderson to actually make such a claim has come and gone and nothing at all has changed. In fact, the deadline for amending pleadings in this case was more than six months ago on September 15, 2020. Banner Life has specifically acknowledged that this policy was in full force and effect at the time of Mr. Eggers's death and that Jordan Eggers was the named beneficiary. *Interpleader Complaint*, p. 4, ¶ 17. The lack of any competing claim thus makes Jordan Eggers's claim to these benefits undisputed and summary judgment is proper.

In addition, the undisputed facts in the record establish that Jordan Eggers is the legally entitled beneficiary and there is no one else that has any kind of colorable claim to those benefits, including the Defendant Ms. Anderson. It is undisputed that Jeremy Eggers filled out an enrollment form for additional accidental death benefits and submitted that to Banner Life. *Declaration of Counsel*, Exhibit B. It is also undisputed that Jeremy Eggers signed that enrollment form and it was received by Banner Life on April 4, 2019. This might be a point of some significance since counsel for Ms. Anderson indicated at the most recent status conference that this form may not have been submitted as signed by Jeremy Eggers. However, it was counsel's own question at the deposition of Banner Life's designated representative that established that the form received by Banner Life on April 4, 2019, was in fact signed by Jeremey Eggers:

> Q. I've got Exhibit E on the screen, BL000111. Do you know if this is the form that you received from Mr. Eggers requesting the accidental death policy?
> THE WITNESS: Yes. It is the accidental death benefit request form received from Mr. Eggers.
> Q. (BY MR. LOGAN) And this form was signed, correct?

MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS JORDAN EGGERS AND ESTATE OF JEREMY EGGERS - 2

A. <u>Yes</u>.

*Declaration of Counsel*, Exhibit A, Jana Knowles Deposition, p. 15, ll. 7-19 (emphasis added). Banner Life's designated representative repeated this testimony and acknowledged that the document was received on April 4, 2019 with the insured's signature on it, and the only thing missing on the form was the date. *Id.*, p. 38, ll. 19-25; p. 39, ll. 1-3.

It is also undisputed that Jeremy Eggers filled out a check in the exact amount required to pay the premium for the already existing life insurance policy with Banner Life and the additional premium for the accidental death coverage he requested. *Declaration of Counsel*, Exhibit C. The check was sent in the same mailing as the enrollment/application form signed by Mr. Eggers. *Declaration of Counsel*, Exhibit A, Jana Knowles Deposition, p. 22, ll. 17-24. The check was deposited by Banner Life and cleared Jeremy Eggers's bank account on April 5, 2019. *Declaration of Jordan Eggers,* ¶ 5, Exhibit B. Finally, it is undisputed that the enrollment form signed and submitted by Jeremy Eggers for this accidental death policy plainly designated his oldest son, Jordan Eggers, as the beneficiary. *Declaration of Counsel*, Exhibit B.

In sum, the only claim to the accidental death policy benefits is the designated beneficiary Jordan Eggers and the pleadings in this case undeniably establish there is no competing claim. In addition, there are no genuine issues of material fact about Jeremy Eggers submitting the enrollment form and applying for this additional coverage with Banner Life naming his oldest son, Jordan Eggers as the designated beneficiary, paying the correct premium for such coverage and Banner Life agrees this coverage was in effect at the time of Jeremy Eggers's death. The moving Defendant thus respectfully requests the Court enter judgment as a matter of law that Jordan Eggers is the designated beneficiary of the accidental death policy benefits and that Banner Life can release payment for those benefits.

Dated this 12th day of April, 2021.

                        HEPWORTH HOLZER, LLP

                        By /s/ John J. Janis
                            John J. Janis
                            Attorneys for Jordan Eggers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2021, I electronically filed the foregoing through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Samuel A. Diddle
sdiddle@eberle.com

Shawn E. Logan
shawnlogan@loganlaw.us

                        By /s/ John J. Janis
                            John J. Janis

MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS JORDAN EGGERS AND ESTATE OF JEREMY EGGERS - 4